RALPH E. THOMPSON, petitioner,

*v.*

ELIZABETH THOMPSON, defendant.

[Submitted October 20th, 1919. Determined October 31st, 1919.]

Adultery committed by a wife in Pennsylvania at a time when she and her husband resided in that state, cannot be made the basis of a decree for divorce in this state when neither of the parties had resided in this state for two years next preceding the commencement of the action.

On petition for divorce. On hearing on exceptions to master's report.

*Mr. Charles V. D. Joline,* for the petitioner-exceptant.

LEAMING, V. C.

The single inquiry here presented is whether adultery committed by a wife in Pennsylvania at a time when she and her husband resided in that state can be made the basis of a decree of divorce in this state when neither of the parties had resided in this state for two years next preceding the commencement of the action.

Both parties now reside in this state and personal service of process has been made in this state on the wife.

Section 6 of our Divorce act (*2 Comp. Stat. p. 2030*) provides as follows:

"For purposes of divorce, either absolute or from bed and board, jurisdiction may be acquired by personal service of process upon the defendant within this state, under the following conditions: (*a*) When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this state. (*b*) When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state; provided the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

The meaning of this section seems unmistakable.

Subdivision (*a*) of the section is by its terms limited to cases in which one of the parties was a *bona fide* resident of this state at the time the cause of action arose; accordingly, the provisions of that subdivision cannot be applied to the case now under consideration, since neither of the parties were residents of this state when the adultery was committed.

Subdivision (*b*) specifically applies to all cases where, since the cause of action arose, either party has become a resident of

this state.   In such circumstances two years' *bona fide* residence in this state next preceding the commencement of the action is required to confer ·jurisdiction.   The *instance* case is of that nature and is accordingly controlled by the provisions of subdivision (*b*).

The contention adverse to the conclusions above stated is based upon the use made of the words "other than adultery," in subdivision (*a*) ; the argument is, that those words, as used, wholly remove cases of adultery from the operation of the two years' residence· provisions.   That argument is only· partially sound. Had petitioner been a resident of this state when his wife committed adultery in Pennsylvania, and continued to reside in this state until the commencement of his action, his case would have fallen within the provisions of subdivision (*a*) and two years' residence would not have been required, since adultery is excluded from the operation of the concluding provisions of that subdivision.

I will advise a decree dismissing the petition.